IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **MICHAEL MAZZA,** | ] |
| **Plaintiff,** | ] |
| vs. | ] Case No: |
| **DELEK US HOLDING AND SUBSIDARIES,** | ] JURY DEMAND |
| **Defendants.** | ] |

## COMPLAINT

Comes now the Plaintiff, Michael Mazza, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION and VENUE

1. This action involves the application of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621, *et seq*.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

3. The claims asserted in this action arose in Williamson County, Brentwood, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

### ADMINISTRATIVE PREREQUISITES

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on October 26, 2022, and received by Plaintiff on October 26, 2022, a true and correct copy of which is attached hereto as Exhibit A.

## PARTIES

5. Michael Mazza ("Mr. Mazza" or "Plaintiff") is an adult male individual and citizen of the United States who resides in Broomall, Pennsylvania.

6. At all relevant times, Plaintiff was an employee of Defendant Delek US Holding and Subsidiaries ("Defendant" or "Delek") within the meaning of the ADEA.

7. Defendant is a foreign limited liability company or similar business entity and regularly conducts business at 7102 Commerce Way, Brentwood, Tennessee 37027.

8. At all relevant times, Defendants engaged in commerce or in an industry or activity affecting commerce and employed twenty (20) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 29 U.S.C. § 621, *et seq.*, the Age Discrimination in Employment Act.

## FACTUAL ALLEGATIONS

9. Defendant is a diversified downstream energy company with assets in petroleum refining, logistics, renewable fuels, and convenience store retailing.

10. Mr. Mazza was employed by Defendant from November 11, 2019 until his termination on December 30, 2020.

11. At the time of termination, Defendant employed Mr. Mazza as a Director of Business Optimization.

12. Mr. Mazza's primary duties involved the organization and operation of refineries owned and/or operated by Defendant.

13. Mr. Mazza has over twenty-nine (29) years of experience in the oil refining and energy industry.

14. On December 30, 2020, Defendant informed Mr. Mazza that his position would be eliminated due to company restructuring, effective December 31, 2020, due to COVID-19 related financial burdens.

15. On January 1, 2021, Defendant hired Morgan Marks, age 37, to the position of Director, Business Optimization.

16. No other employees in Mr. Mazza's business group had their jobs impacted.

17. Mr. Marks received an official offer for this position on November 19, 2020.

18. Mr. Marks' position was nearly identical to the position Defendant alleged to have eliminated.

19. Defendant alleges that Mr. Marks performed additional duties.

20. This is false.

21. At the time of his termination, Mr. Mazza was fifty-two (52) years old.

22. Mr. Marks was fifteen (15) years younger than Mr. Mazza and outside the protected class (under 40).

23. Mr. Mazza was subjected to disparate treatment and terminated based on his age.

24. Any other reasons proffered by Defendant are pretext.

### COUNT I – AGE DISCRIMINATION
### (29 U.S.C. § 623(a)(1))

25. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

26. Plaintiff asserts Defendant discriminated against plaintiff and interfered with his rights in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621, *et seq*.

27. At said dates and times as set forth herein, Plaintiff was over the age of forty (40).

28. Plaintiff was treated poorly and received disparate treatment as compared to younger employees who were similarly situated.

29. Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* by wrongfully discriminating against Plaintiff on the basis of his age.

30. There is a causal connection between Plaintiff's age and his discharge.

31. At all relevant times set forth herein:

    (a) Plaintiff was over forty years of age and was qualified to perform the required job duties.

    (b) Plaintiff was discharged and/or denied advancement opportunities;

    (c) Plaintiff was denied advancement opportunities in favor of a substantially younger person;

    (d) Age was the determining factor in the Defendant's decision to discriminate against the Plaintiff and to discharge Plaintiff; and

    (e) Defendant did not have a legitimate, non-discriminatory reason for discharging Plaintiff.

32. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of back pay, front pay, wages, employment benefits, or other compensation denied or lost by Plaintiff as a result of Defendant's adverse actions against Plaintiff;

(3) liquidated damages pursuant to the ADEA;

(4) a tax offset to neutralize the tax burden of any award;

(5) attorney's fees, interest and costs; and

(6) any such other legal or equitable relief as may be appropriate or to which he may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT AND CONSUMER LAW GROUP**

**/s/ *Lauren Irwin***
**BRANDON HALL, BPR No. 034027**
**LAUREN IRWIN, BPR No. 038433**
1720 West End Ave., Ste. 402
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*